DANIEL LANGSTON AND WIFE v. H. WEIL & BRO.

*Practice— Judgment, Appeal from Not Perfected— Res Judicata.*

Where the Court below affirmed on appeal a judgment of the Clerk in a proceeding before the latter to set aside a special proceeding for the sale of land and an appeal was taken from said judgment of affirmance but was not perfected, a subsequent motion to divide the action was properly overruled, the matters involved being *res judicata.*

This was an action or proceeding instituted before the Clerk of the Superior Court of Wayne County by the plaintiffs, to set aside the decree in a special proceeding under which lands of the *feme* plaintiff's ancestor had been sold, and heard at January Term, 1895, of Wayne Superior Court, before *Winston, J.* The complaint was as follows:

The plaintiff, Elizabeth Langston, upon information and belief, alleges:

1. That the late K. W. Langston died on the —— day of ——, 1864, having made no will and being seized in fee of the following tract of land (describing it), and one other tract adjoining (describing it), all of the above mentioned tracts being the same conveyed by T. T. Hollowell, administrator, to H. Weil & Bro.

2. That at the time K. W. Langston died, he had no children, and his only heirs-at-law were the children of his deceased brother, G. Langston, and Mrs. Lane, his sister, who had six children, the plaintiff Elizabeth being one of them, and was married at the time the said Mrs. Lane died, and her husband is still living.

3. That Mrs. Lane remained in possession of the land after the death of said Langston until the —— day of May, 1880, when she died.

4. That said K. W. Langston left a widow who is now living in Wilmington, N. C.

5. That Hollowell was appointed administrator of Langston, deceased, on April 22, 1865, and on ——— day filed a petition to sell the land of the late Langston for assets to pay debts. No process or summons was served on the heir of Grafton Langston or Mrs. Lane, nor has either of them appeared in the so-called petition.

6. That the late Langston had sufficient personal property to pay the debts of his estate.

7. That Hollowell, administrator, in pursuance of this *ex parte* decree, pretended to sell the land, and on December 29, 1870, made a deed to defendant Weil, which is made a part of this complaint.

9. That said Weil, well knowing that S. H. Denmark (mortgagor) had no power to mortgage this land to him for the purpose of aiding him in cultivating a crop for the year 1891, and in pursuance of power of sale contained in this mortgage, sold the land to one David J. Ezzell and made deed to him.

10. That said Ezzell, well knowing that Weil had no power to make a deed to him, notwithstanding this fact made a deed to said Weil & Bro.

11. That all of the above mentioned deeds were made to Weil & Bro., on account of the authority of said Hollowell, administrator, to sell the same.

12. That defendant took possession of the land in 1880 with full knowledge of all the facts set forth in this complaint.

13. That Denmark, well knowing that he had no power to make a deed to defendants, notwithstanding this fact, and under the right obtained by purchasing the land from Hollowell, made a deed to defendants.

Wherefore, plaintiff demands judgment that the petition

of Hollowell as administrator aforesaid, and the confirmation thereof, to sell lands specified in the complaint, be set aside; that all the deeds specified in the complaint to defendants be cancelled, and for such other and further relief, &c.

Demurrer:—Defendants demurred upon the following grounds:

1. For that the clerk has no jurisdiction of the cause of action set out in the complaint to set aside the final decree and other orders in a special proceeding to sell land for assets.

2. The clerk has no jurisdiction of the cause of action set out in complaint to cancel certain deeds referred to therein.

3. For that the complaint fails to state facts sufficient to constitute a cause of action, in that it asks to set aside a final decree and other orders made in a certain proceeding before the clerk in 1865 upon the ground that plaintiff, who was then an infant and a necessary party to said action, was not served with process.

4. For that upon the facts stated in the complaint the remedy of plaintiff is by motion in the original proceeding and not by a new action. Wherefore, defendants pray that the proceeding be dismissed, etc.

The proceeding was thereupon dismissed by the clerk and the plaintiff appealed to the Judge. *Judge Bynum* sustained the judgment of the clerk and the plaintiffs appealed. Plaintiff's counsel moved to amend, at September Term, 1894, by dividing the case into two actions, one before the clerk to set aside a final decree obtained in the late court of Pleas and Quarter Sessions to sell lands to pay debts, upon the ground that there was never any service upon or appearance by plaintiff or any person under whom they claim; the other before the Judge in term to

cancel and declare null and void the several conveyances specified in the complaint through which defendants claim title to the land.    This motion was refused by the clerk, and upon appeal the following judgment was rendered by *Winston, J.:* "This cause coming on to be heard upon motion of plaintiff to divide the case into two actions (as set out in the above motion to amend) and it appearing to the court that heretofore a demurrer has been filed and sustained, and judgment rendered dismissing this proceeding, it is now adjudged that said motion to divide be denied."

*Messrs. Allen & Dortch,* for defendants (appellants).
No counsel, *contra.*

*Per Curiam :*—Special proceeding in which defendants demurred to complaint filed before the clerk.    The clerk sustained the demurrer and ordered that the proceeding be dismissed.    On appeal *Judge Bynum* on the 3rd of July, 1894, sustained the ruling of the clerk.    From this last judgment the plaintiffs appealed to the Supreme Court, but did not perfect the appeal.    At September Term, 1894, of the Superior Court of WAYNE County, plaintiffs moved, before *Winston, Judge presiding,* for leave to divide the action into two.    The court refused the motion on the ground that the matters involved. in the controversy were *res adjudicata.*

The judgment of the court below is affirmed.

Affirmed.